**E-Filed 9/13/2010**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BERNABE MORA, )<br> )<br> Plaintiff, )<br> v. )<br> )<br>TIMOTHY BRENNAN, M.D., CLINICA de )<br>SALUD de VALLE de SALINAS, DOES 1-50, )<br>INCLUSIVE, )<br> )<br> Defendants. )<br>) | Case No.: 10-CV-01147-LHK<br><br>ORDER DISMISSING CASE WITH PREJUDICE<br><br>[re: docket no. 25] |

**I. Background**

Plaintiff Bernabe Mora, representing himself, filed this action in the Santa Cruz County Superior Court on January 21, 2010. Plaintiff alleges that he was injured by Dr. Timothy Brennan, a dentist working at Clinica de Salud de Valle de Salinas ("Clinica de Salud"). See Dkt. No. 1, Ex. A at 3-5. Plaintiff claims that he was injured while being treated by Dr. Brennan (or others working with him) on April 3, 2007. *Id.* Plaintiff further claims that after the injury, Dr. Brennan referred him to another doctor, Dr. Block, who diagnosed him with "a granuloma and hematoma" on April 11, 2007. *Id.* Plaintiff alleges that the granuloma was caused "by Defendants' negligence, by negligently and carelessly introducing a needle." *Id.*

The Clinica de Salud is a federally deemed health center, and Dr. Brennan is employed there. *See* Dkt. Nos. 2, 6. As a federally deemed health center, the Clinica de Salud is an employee of the Public Health Service and is insured against malpractice claims through the Federal Tort Claims Act (FTCA). 42 U.S.C. § 233 (g)-(n) (Federally Supported Health Centers Assistance Act); Dkt. No. 2. On March 18, 2010, Defendants removed the action to this Court pursuant to 42 U.S.C. § 233(c), and 28 U.S.C. § 2679(d)(2), the FTCA. Both statutes provide for removal of state court actions brought against federal and/or Public Health Service employees upon certification by the Attorney General that the employee was acting "within the scope of his . . . employment at the time of the incident out of which the claim [or suit] arose." The removal was supported by a declaration by the Chief of the Civil Division, stating that Dr. Brennan was acting within the course and scope of his employment while working at the Clinica de Salud in April 2007, and that the Clinica de Salud is a federally-deemed health center. *See* Dkt. No. 2. Once the case is removed, the United States government must be substituted as defendant in place of individual, named defendants. 28 U.S.C. 2679(d)(2).

On March 22, 2010, Defendants filed a motion to dismiss this case on the ground that this Court lacks subject matter jurisdiction over Plaintiff's claims because Plaintiff failed to exhaust administrative remedies as required by the FTCA. Defendants also move to dismiss on the ground that Plaintiff's claims are time-barred.

Pursuant to Local Rule 7-1(b), the Court finds Defendants' motion suitable for decision without oral argument, and hereby VACATES the hearing on this motion previously set for September 16, 2010 at 1:30 pm. The Court finds that Plaintiff failed to exhaust administrative remedies before bringing this action, and further that the statute of limitations on Plaintiff's claim has run. Because no amendment of pleadings can cure this jurisdictional defect, this matter is DISMISSED WITH PREJUDICE.

2

Case No.: 10-CV-01147-LHK
ORDER DISMISSING CASE WITH PREJUDICE

## II. Analysis

Plaintiff seeks money damages based on injuries he claims were caused by employees of a federally deemed health care provider. According to the Complaint and to the Swanson Declaration (Dkt. No. 2), the individuals Plaintiff accuses were acting within the scope of their employment at the time of the alleged injuries. As a result, the FTCA is the exclusive remedy available to Plaintiff. 28 U.S.C. § 2679(b)(1).

The FTCA requires that before bringing a case in court, a plaintiff must exhaust administrative remedies with the appropriate agency—in this case, the Department of Health and Human Services ("Department"). 28 U.S.C. § 2675(a). Plaintiff does not allege that he filed any complaint or claim with the Department before filing the instant Complaint. Moreover, Defendants have submitted a declaration demonstrating that there was no record of any complaint by Plaintiff on file at the Department as of March 10, 2010. *See* Dkt. No. 6. The exhaustion requirement is jurisdictional; if Plaintiff has not exhausted his administrative remedies, the Court has no jurisdiction over his claims. *Burns v. United States*, 764 F.2d 722, 724 (9th Cir. 1985). Defendants note that on March 31, 2010, after service of their opposition brief pointing out the exhaustion requirement, Plaintiff did file a complaint with the Department. *See* Dkt. No. 9, Ex. A. However, this does not solve the jurisdictional problem. Plaintiff's administrative remedies are not "exhausted" until the Department has made a final denial, in writing, or has failed to respond to the complaint for six months. 28 U.S.C. § 2675(a). Because Plaintiff does not allege that his administrative remedies have been exhausted, the Court lacks jurisdiction over Plaintiff's claim, and the case must be dismissed.

Defendants argue that the case should be dismissed with prejudice, rather than with leave to amend, because Plaintiff's claim is barred by the statute of limitations. "A claim must be filed

3

Case No.: 10-CV-01147-LHK
ORDER DISMISSING CASE WITH PREJUDICE

with the agency within two years of the claim's accrual and the claimant must file suit within six months of administrative denial of the claim.  If either requirement is not met, suit will be time barred."  *Dyniewicz v. United States*, 742 F.2d 484, 485 (9th Cir. 1984); 28 U.S.C. § 2401(b).  Medical malpractice claims accrue when "the plaintiff has discovered, or, in the exercise of reasonable diligence should have discovered, both his injury and its cause."  *Davis v. United States*, 642 F.2d 328, 331 (9th Cir. 1981).  In his complaint, Plaintiff states that after sustaining the alleged injuries at Clinica de Salud on April 3, 2007, he was referred by Dr. Brennan to another doctor, Dr. Block, who diagnosed him with "a large granuloma" on April 18, 2007.  Dr. Block's April 18, 2007 letter containing this diagnosis is referenced and quoted in the complaint.  Therefore, based on the pleadings, the Plaintiff knew of both his injury and its cause as of April 18, 2007.  Plaintiff was required to bring his complaint to the Department by no later than April 18, 2009.  Plaintiff does not allege ever having submitted a complaint with the Department, and the Defendants' declaration demonstrates that no such complaint was received by the Department before the underlying case was filed in the Superior Court on January 21, 2010.  *See* Dkt. No. 6.

    Because the Defendants have challenged the Court's jurisdiction over Plaintiff's claims under Fed. R. Civ. P. 12(b)(1), the Court may consider evidence on the question of jurisdiction.  Under Fed. R. Civ. P. 12(b)(1), the Court need not take all of Defendants' allegations as true and may instead "evaluat[e] for itself the merits of the jurisdictional claims."  *Thornhill Pub. Co. v. General Tel. & Electronics Corp.*, 594 F.2d 730, 733 (9th Cir. 1979).   Based on the Complaint and on the evidence submitted by Defendants, the Court concludes that the statute of limitations on Plaintiff's claim has run.

    Plaintiff submitted a sur-reply to the Defendants' Rely Brief in which Plaintiff disputes that Dr. Brennan was a federal employee at the relevant time, and states that he did not become aware of his injuries until 2008.  Although the Court need not consider this additional briefing, as it was

submitted without leave, it does not change the outcome here.  The Complaint clearly establishes the Plaintiff's knowledge of his injury and its cause in April, 2007.   Plaintiff's knowledge or ignorance of the involvement of federal employees in his injury is irrelevant to determining when his claim accrued, and to calculating the statute of limitations.  *Dyniewicz*, 742 F.2d at 487.  Furthermore, Plaintiff has submitted no admissible evidence to contradict the Swanson Declaration which establishes that Dr. Brennan was a federal employee in April, 2007.  On a motion to dismiss for lack of jurisdiction, once the moving party has submitted evidence showing that the court lacks jurisdiction, it is the opposing party's burden to "present affidavits or any other evidence necessary to satisfy its burden of establishing that the court, in fact, possesses subject matter jurisdiction.  *St. Clair v. Chico*, 880 F.2d 199, 201 (9th Cir. 1989).  Plaintiff has failed to do so here.

### III.   Order

The Court finds that Plaintiff failed to exhaust administrative remedies before bringing this action, and further that the statute of limitations on Plaintiff's claim has run.  Because no amendment of pleadings can cure this jurisdictional defect, this matter is DISMISSED WITH PREJUDICE.  The hearing on this motion set for September 16, 2010 at 1:30 pm is hereby VACATED.  The Clerk shall close the file and terminate any pending motions.

**IT IS SO ORDERED.**

Dated: September 13, 2010

_____
LUCY H. KOH
United States District Judge